# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | 1:11-cv-1893 LJO GSA |
| Plaintiff, | ) ) | **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR** |
| v. | ) ) | **DEFAULT JUDGMENT BY THE COURT** |
| SERGIO CERDA, d/b/a LA FOGATA, | ) ) | (Document 14) |
| Defendant. | ) ) ) | |

On May 24, 2012, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed the instant Motion for Default Judgment against Defendant, Sergio Cerda, d/b/a La Fogata ("Defendant"). (Doc. 14). Defendant has not appeared in the action, nor has he filed any oppositions. The matter was taken under submission and the hearing on Plaintiff's motion set for June 22, 2012, was vacated. Upon a review of the pleadings, Plaintiff's motion is GRANTED IN PART.

## BACKGROUND

Plaintiff filed the instant action on November 10, 2011. (Doc. 1). Defendant was served with the summons and complaint on April 24, 2011. (Doc. 10). The complaint alleges violations of 47 USC sections 605 and 553. Plaintiff also alleges a state law claim of conversion, as well as a violation of California Business and Professions Code section 17200, *et seq*. (Doc. 1).

Defendant has not answered the complaint or otherwise appeared in this action. (Doc.

14-2, pg. 2). On May 23, 2012, the Clerk of the Court entered default against Defendant. (Doc. 12).

Plaintiff filed the instant motion for default judgment on May 24, 2012. (Doc. 14). Plaintiff requests that the Court enter default judgment against Defendant in the amount of $112,200.00 for violations of 47 U.S.C. sections 605(e)(3)(B)(iii) and (c)(ii) and conversion only. (Doc. 14-2 and 14-4). Despite being served with the motion by United States Mail, Defendant has not responded to the motion. (Doc. 14-2). Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. *Id*.

## Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

*1.   Federal Claims*

Plaintiff seeks judgment pursuant to Title 47 of the United States Code section 605 against Defendant for unlawfully intercepting, receiving and exhibiting *"Tactical Warfare" : Manny Pacquiao v. Antonio Margarito WBC Light Middleweight Championship Fight Program*, televised on November 13, 2011 ("the program") at Defendant's commercial establishment, *La Fogata*.[1] The program included undercard preliminary bouts, televised replay, and color commentary. Plaintiff requests statutory and enhanced damages in the amount of $110,000.00 pursuant 47 U.S.C. sections 605(e)(3)(B)(iii) and (c)(ii). (Docs. 14-2 and 14-4).

The relevant provisions of Title 47 of the United States Code section 605, which address unauthorized publication or use of wire or radio communications, state:

> (a) . . . no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney. . .. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Additionally, the aggrieved party is authorized to obtain statutory damages of "not less than $1,000 or more than $10,000, as the court considers just" for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The court may award enhanced damages up to $100,000 for each violation if it finds the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605 (e)(3)(C)(ii).

---

[1] La Fogata is located at 10458 Avenue 416, Sultana, California 93666.

3

1    Plaintiff argues that it is a closed-circuit distributor of sports and entertainment
programming that purchased and retained the commercial exhibition licensing rights to the
program at issue.  Plaintiff marketed the sub-licensing (commercial exhibition) rights in the
program to its commercial customers.  Plaintiff contends that persistent signal piracy of its
programming costs the company, its customers, and other paying vendors of the program
considerable financial losses.  Plaintiff believes this results in part from the perceived lack of
significant consequences (including nominal or minimal damage awards by the Courts who hear
its cases) for such unlawful interception and exhibition by the commercial signal pirates.

   In this case, Plaintiff requests the maximum amount of enhanced damages pursuant to
section 605 (e)(3)(C)(ii) because Defendant Cerda is a repeat offender, and has been found liable
in two other actions in this district for similar violations.  Defendant never appeared in those
actions and default judgment was entered against him in both of those cases : *See*, *Entertainment by J & J Incorporated v. Cerda d/b/a Acapulco Restaurant et al.,* 01-cv-6540 AWI DLB (Judgment in the amount of $8,001.05 entered on November 7, 2002 for violations of 47 U.S.C. sections 553 and 605); *Don King Productions/Kingvision v. Cerda d/b/a Acapulco Café et al.*, 1:96-cv-5025 AWI v. SMS (Judgment in the amount of $3,400.00 entered on March 10, 1997).[2]
As such, Plaintiff requests the maximum allowance for statutory violations, totaling $110,000.00.

   Here, the summons and complaint was properly served on Defendant.[3]  (Docs. 10).  Thus, it appears that Defendant's default was properly entered, and the complaint is sufficiently well-pled.  By his default, Defendant has admitted to willfully violating the referenced statutes for purposes of commercial advantage.

   It is clear that deterrence of future violations is an important objective of the statutes.  The

---

[2] The Court takes judicial notice of these judgments pursuant to Federal Rules of Evidence 201. A "court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

[3] The complaints was served on an individual who refused to provide his name at the restaurant who was identified as the person in charge. The complaints were later sent to Defendant via United States mail.  Therefore, service is proper pursuant to Federal Rule of Civil Procedure 4(e) and 4(h)(1) and California Civil Procedure section 415.20.

facts before the Court indicate that Defendant's establishment serves primarily Spanish speaking patrons and is in poor condition. It has a maximum capacity of approximately seventy to eighty patrons. (Doc. 14-3). The clientele is mainly laborers. *Id*. Jeffrey Lange, an investigator for Plaintiff, submitted an affidavit indicating that after getting through security, he entered the bar a 8:46 p.m. on November 13, 2010. *Id*. There were approximately 70 patrons in the bar which housed two nineteen inch televisions behind the bar's counter (one at the north end of the counter and one at the south end of the counter). *Id*. When he entered, he saw Antonio Margarito on the screens making his way through the crowd that was standing ringside. *Id*. Shortly after he entered the premises, the televisions were suddenly turned off and the words "Dish Network" appeared on both sets before going to a static screen. *Id*.

Mr. Lang re-entered the bar at 9:24 p.m. After passing through security, he saw that both televisions were airing a boxing match. *Id*. Mr. Lange clearly saw the "HBO PPV" logo in the lower right hand corner of the screen. *Id*. Airing was a slow motion replay of Antonio Margarita hitting Manny Pacquiao with an uppercut. *Id*. The signal was again abruptly turned off. *Id*. He left the premises at 9:26 pm. *Id*.

In cases alleges these statutory violations, the amount of damages should be an amount that is adequate to deter this Defendant and others from committing similar acts in the future. Therefore, the Court recommends the maximum allowable statutory damages be awarded pursuant to 42 U.S.C. sec. 605(e)(3)(C)(i)(II) in the amount of $10,000.00.

With regard to enhanced statutory damages, the Court is mindful that there were approximately seventy patrons in this establishment at the time of the show, but the bar is in poor condition. Moreover, it does not appear that a cover charge was required to enter the bar, or that the program was advertised to attract additional patrons. However, the fact that this defendant has two prior judgments entered for similar conduct is troubling. Additionally, it appears that the Defendant's conduct was willful as the televisions screens were turned off shortly after the investigator entered the premises. As such the Court recommends an additional $10,000 in enhanced damages pursuant to 47 U.S.C. § 605 (e)(3)(C)(ii).

///

     *2.    Conversion*

Additionally, Plaintiff seeks $2,200.00 in conversion damages, the value of the property at the time of the conversion. (Doc. 26-5 at 8.) Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are : (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581, 35 Cal.Rptr.3d 684 (2005) (internal quotation marks omitted); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir.1992). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1, 98 Cal.Rptr.3d 231 (2009). Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion. *See Don King Prods./Kingvision v. Lovato*, 911 F.Supp. 419, 423 (N.D. Cal. 1995); *see also DIRECTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1189 (E.D. Cal. 2005) (concluding that the "right to distribute programming via satellite" constituted a "right to possession of personal property" for purposes of a conversion claim under California law).

Here, Defendant had approximately seventy patrons watching the program in question. Plaintiff was granted the exclusive domestic commercial exhibition licensing rights to the program at issue, and thus had the right to possession of the property at the time of the conversion. Defendants did not legally purchase the program. (Doc. 14-1 at pg. 20). Finally, Plaintiff has indicated that Defendant would have been required to pay $2,200.00 if he had ordered the Program from Plaintiff. (Doc. 14-1 at pg. 20) Thus, Plaintiff is entitled to damages for conversion in the amount of $2,200.00.

**RECOMMENDATIONS**

Based on consideration of the declarations, pleadings, and exhibits the Court RECOMMENDS the following:

    1.    Plaintiff's application for default judgment be GRANTED IN PART;

    2.    Judgment be entered in this action against Defendant;

6

3. Damages in the total amount of $ 22,220.00 be awarded as follows:

    a. For the violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), the sum of $ 10,000.00;

    b. For the violation of 47 U.S.C. § 605 (e)(3)(C)(ii), the sum of $10,000.00; and

    c. For the conversion of Plaintiff's property, the sum of $ 2,200.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within **fifteen** (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 29, 2012**    /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE